JANUARY 21, 1966.

No. 1111, Misc. CHANDLER, U. S. DISTRICT JUDGE *v.* JUDICIAL COUNCIL OF THE TENTH CIRCUIT OF THE UNITED STATES. Application for stay of order. *Thomas J. Kenan* for petitioner. *Solicitor General Marshall* for respondent.

Petitioner applied to MR. JUSTICE WHITE, Circuit Justice for the Tenth Circuit, for "Stay of Order of Judicial Council of the Tenth Circuit of the United States" in the above matter, and the application was by him referred to the Court for its consideration and action.

It appearing to the Court from the response of the Solicitor General to the application that the order from which relief is sought is entirely interlocutory in character pending prompt further proceedings inquiring into the administration of Judge Chandler of judicial business in the Western District of Oklahoma, and that at such proceedings Judge Chandler will be permitted to appear before the Council, with counsel, and that after such proceedings the Council will, as soon as possible, undertake to decide what use, if any, should be made of such powers as it may have in the premises, it is hereby ordered that the application for stay be denied pending

this contemplated prompt action of the Judicial Council. The Court expresses no opinion concerning the propriety of the interlocutory action taken.

MR. JUSTICE BLACK, with whom MR. JUSTICE DOUGLAS joins, dissenting.

United States District Judge Stephen S. Chandler here asks for a stay of an "Order" of the Judicial Council of the Tenth Circuit directing that until further order of the Council, Judge Chandler "take no action whatsoever in any case or proceeding now or hereafter pending" in his court, that cases now assigned to him be assigned to other judges, and that no new actions filed be assigned to him. If this order is not stayed and if the Judicial Council has some way to enforce it, the order means that Judge Chandler is completely barred from performing any of his official duties and in effect is removed or ousted from office pending further orders of the Council. The reason given by the Council for this drastic action is that it "finds that Judge Chandler is presently unable, or unwilling, to discharge efficiently the duties of his office . . . ." By refusing to stay the Council's order, the Court necessarily acts on the premise that the Council has a legal right to remove Judge Chandler from office at least temporarily. Though the Court tries to soft-pedal its refusal to stay the order by referring to it as "interlocutory in character," the stark fact which cannot be disguised is that a United States District Judge, duly appointed by the President and approved by the Senate, is with this Court's imprimatur locked out of his office pending "further proceedings" by the Judicial Council. I think the Council is completely without legal authority to issue any such order, either temporary or permanent, with or without a hearing, that no statute purports to authorize it, and that the Constitution forbids it. Nor

can the effect of the order be softened by asserting that Judge Chandler will be permitted to have a lawyer represent him before his fellow judges. Assuming that we have jurisdiction to stay an order from a governmental agency that has no power at all to do what this Council has done, I would stay this "Order" *instanter*.

The Council states that its order was made "pursuant to the power and authority vested in the Judicial Council by the Act of June 25, 1948, c. 646, § 332, 62 Stat. 902, 28 U. S. C. § 332." That section so far as relevant reads:

> "Each judicial council shall make all necessary orders for the effective and expeditious administration of the business of the courts within its circuit. The district judges shall promptly carry into effect all orders of the judicial council."

There is no language whatever in this or any other Act which can by any reasonable interpretation be read as giving the Council a power to pass upon the work of district judges, declare them inefficient and strip them of their power to act as judges. The language of Congress indicates a purpose to vest the Judicial Council with limited *administrative* powers; nothing in this language, or the history behind it, indicates that a Council of Circuit Court Judges was to be vested with power to discipline district judges, and in effect remove them from office. This is clearly and simply a proceeding by circuit judges to inquire into the fitness of a district judge to hold his office and to remove him if they so desire. I do not believe Congress could, even if it wished, vest any such power in the circuit judges.

One of the great advances made in the structure of government by our Constitution was its provision for an independent judiciary—for judges who could do their duty as they saw it without having to account to superior

court judges or to anyone else except the Senate sitting as a court of impeachment. Article II, § 4, of the Constitution provides that "Officers of the United States," which includes judges, "shall be removed from Office on Impeachment for, and Conviction of, Treason, Bribery, or other high Crimes and Misdemeanors," and Art. I, §§ 2 and 3, state that impeachment can be instituted only on recommendation of the House of Representatives and that trial can be held only by the Senate. To hold that judges can do what this Judicial Council has tried to do to Judge Chandler here would in my judgment violate the plan of our Constitution to preserve, as far as possible, the liberty of the people by guaranteeing that they have judges wholly independent of the Government or any of its agents with the exception of the United States Congress acting under its limited power of impeachment. We should stop in its infancy, before it has any growth at all, this idea that the United States district judges can be made accountable for their efficiency or lack of it to the judges just over them in the federal judicial system. The only way to do that is to grant this stay and I am in favor of granting it.